# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CASTANEDA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BARTON, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01088-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Matthew Castaneda ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint and granted leave to amend. Plaintiff's first amended complaint, filed on August 23, 2021, is currently before the Court for screening. (ECF No. 10.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at California Substance Abuse Treatment Facility ("SATF"), in Corcoran, California where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Stu Sherman, Warden of SATF; (2) Jason Collins, Warden of CDW; (3) R. Goulart, Correctional Sergeant of SATF; (4) M. Denning, Associate Warden of SATF; (5) Owens, Lieutenant Correctional Officer of SATF; (6) Lepe, Sergeant of SATF; (7) V. Medina, Correctional Officer of SATF; (8) Boyd, Assistant Food Manager at SATF; (9) M. Rea, Supervisory Cook II at SATF.

Plaintiff alleges on December 28, 2017, Plaintiff arrived at SATF. On December 29, 2017, Plaintiff saw how extremely hazardous the conditions were in Facility A dining hall. Plaintiff saw mice fall from the ceiling onto the floor and tables and Plaintiff could smell the odor of "wet dog hair." When it rained, Plaintiff saw water flowing along the sides of the walls where crates lined with trash bags would catch water and spill out onto the floor. During Plaintiff's work hours, he would experience dizziness, nausea, coughing, the feeling of hair on his tongue, and irregular heartbeat. These symptoms continued after work hours.

After a year and a half of the remedial measures taken by CDCR staff and officials, the

dining hall remained open and under these conditions until the Superior Court of Kings County ordered the defendants to cease use of the dining hall.

Each individual named violated Plaintiff's rights and knew of the conditions in Facility A dining hall. Warden Sherman bears responsibility or the custody, treatment, training, and discipline of all inmates under his charge. M. Denning should have taken necessary actions to fix the conditions of the dining hall before the Superior Court intervened. Owens admitted that he saw inmates eating in the dining hall under these conditions and as an employee, he is also responsible for the safe custody of inmates, as are R. Goulart and V. Medina. Plaintiff should have been allowed to get a job change to remove him from the situation, and he was forced to continue working in a hazardous environment. Plaintiff contacted C. Boyd and M. Rea and they did not act reasonably to ensure compliance with health and safety.

Plaintiff is seeking compensatory and punitive damages.

**III.  Discussion**

    **A.  Eighth Amendment – Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.,* 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong.   First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

For the objective prong, liberally construing the allegations, Plaintiff has demonstrated in the complaint that the adverse conditions of confinement are sufficiently serious to state a claim. "A lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995). Plaintiff alleges the conditions were so bad the Superior Court ordered the dining hall shut down.

Deliberate indifference is established only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In other words, "[i]f a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir.2004) (citing *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir.2002) (internal quotations omitted); *Farmer*, 511 U.S. at 839 (reasoning that deliberate indifference analysis must focus on "what a defendant's mental attitude actually was"). Moreover, a "prisoner must set forth specific facts as to **each individual defendant's deliberate indifference**." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.1988) (emphasis added). "This is not an easy test for [p]laintiffs to satisfy." *Hallett v. Morgan*, 296 F.3d 732, 745 (9th Cir.2002). A heightened pleading standard applies to the subjective prong of Eighth Amendment claims: the plaintiff must make nonconclusory allegations supporting an inference of unlawful intent. *Alfrey v. United States*, 276 F.3d 557, 567-68 (9th Cir. 2002) (applying standard to Bivens Eighth Amendment

claim).

As to the subjective prong, Plaintiff fails to satisfy this second prong, i.e., that Defendants possess a sufficiently culpable state of mind. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. Plaintiff seems to allege Defendants knew or *should have known* of the condition. However, grouping all Defendants or listing them in a laundry list of names, does not state what each individual knew. Moreover, these allegations are alleged conclusory without factual basis. These allegations are insufficient to allege subjective knowledge by each of the individuals named in the complaint. While a *pro se* pleading is liberally construed, Defendants are entitled to know what conduct they engaged in which violated Plaintiff's constitutional rights. *See also Krainskin v. Nev. Ex rel. Bd. Of Regents of Nev. Sys. Of Higher Educ.*, 616 F.3d 963, 969 (9th Cir. 2010) (dismissing complaint because plaintiff "merely alleged in a conclusory fashion that the officers 'knew or should have known' " of the violation); *Sullivan v. Biter*, 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) ("Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983.").

Plaintiff cannot demonstrate liability solely based on an individual's supervisorial role. Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and internal quotation marks omitted); *Iqbal*, 556 U.S. at 676. "To state a claim for a constitutional violation under Section 1983, a plaintiff "must plead facts sufficient to show that [his] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (citing *Bell Atlantic Corp.*, 550 U.S. at 544; *Iqbal*, 556 U.S. at 662). Government officials are not liable under § 1983 for their subordinates' unconstitutional conduct based on respondeat superior or another theory of vicarious liability, and plaintiff is required to plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Iqbal*,

556 U.S. at 676; *see also Monell*, 436 U.S. at 691 (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). "A supervisory official, such as a warden, may be liable under Section 1983 only if he was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *See Henry v. Sanchez*, 923 F. Supp. 1266, 1272 (C.D. Cal. 1996).

Plaintiff's vague and conclusory statement that officials were aware of his unconstitutional conditions of confinement are insufficient to give rise to a constitutional violation. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Nonetheless, the Court does not ignore that other cases in this District have found cognizable claims against Defendants Sherman for conditions of confinement for failure to repair various roofs at SATF. *See Nargiz v. Sherman*, No. 1:19-CV-01173 AWI GSA(PC), 2021 WL 325412, at *8 (E.D. Cal. Feb. 1, 2021), report and recommendation adopted, No. 1:19-CV-001173 AWI GSA(PC), 2021 WL 1238296 (E.D. Cal. Apr. 2, 2021) (This case proceeds on Plaintiff's First Amended Complaint filed on October 1, 2020 against Defendants Stuart Sherman and Richard Milan on Plaintiff's claim for adverse conditions of confinement under the Eighth Amendment, but no other claims); *Rayford v. Sherman*, No. 1:19-CV-00225 AWI GSA(PC), 2021 WL 289375, at *12 (E.D. Cal. Jan. 28, 2021), report and recommendation adopted, No. 1:19-CV-00225 AWI GSA(PC), 2021 WL 876998 (E.D. Cal. Mar. 9, 2021) (Plaintiff may proceed in this case with his cognizable claims against defendant Stu Sherman and Richard Milam for adverse conditions of confinement in violation of the Eighth Amendment); *Leos v. Sherman*, No. 1:20-CV-00528 NONE BAM(PC), 2020 WL 6261623, at *5 (E.D. Cal. Oct. 23, 2020), report and recommendation adopted, No. :120-CV-00528 NONE BAM(PC), 2020 WL 7185905 (E.D. Cal. Dec. 7, 2020) (the Court finds that Plaintiff's complaint states a cognizable claim for unconstitutional conditions of confinement in violation of the Eighth Amendment against Defendants Sherman and Milan).

Here, Plaintiff alleges the conditions were so bad the Superior Court ordered the dining hall shut down. Based on the above, and liberally construing the allegations, Plaintiff states a cognizable claim against Defendant Sherman, in his individual capacity, for unconstitutional

conditions of confinement in violation of the Eighth Amendment

### B. Conspiracy

It is unclear if Plaintiff attempts to bring a claim for conspiracy in violation of 42 U.S.C. § 1983.

A conspiracy claim brought under Section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted) ), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Okla.,* 866 F.2d 1121, 1126 (9th Cir. 1989) ). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

Plaintiff's allegations of conspiracy under § 1983 fail to state a claim because his allegations are conclusory and merely speculative. Plaintiff does not provide any specific facts showing that any of the Defendants had an agreement to violate his constitutional rights

### IV.   Conclusion and Order

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim for unconstitutional conditions of confinement in violation of the Eighth Amendment against Defendant Sherman.  However, Plaintiff's complaint fails to state any other cognizable claims for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend

is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

For the reasons stated above, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed on August 23, 2021 (ECF No. 10), for unconstitutional conditions of confinement in violation of the Eighth Amendment against Defendant Sherman;
2. All other claims and defendants be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 3, 2021**         /s/ *Barbara A. McAuliffe*   _
                                        UNITED STATES MAGISTRATE JUDGE