1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MATTHEW CASTANEDA,

       Plaintiff,

   v.

BARTON, *et al.*,

       Defendants.

Case No.  1:20-cv-01088-DAD-BAM (PC)

ORDER DENYING MOTION FOR DISCOVERY AS MOOT AND DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE

(ECF No. 29)

     Plaintiff Matthew Castaneda ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Sherman for unconstitutional conditions of confinement in violation of the Eighth Amendment.

     Currently before the Court is Plaintiff's filing of February 17, 2022.  (ECF No. 29.) Plaintiff states that in Defendant's answer, it was stated that other individuals "may be named during the course of discovery."  Plaintiff states that if the identities of these individuals have been discovered, he would like those names so he can call them as witnesses at trial.  In addition, Plaintiff requests that the Court appoint counsel due to the possible complexity of the case.  (*Id.*) The Court construes the filing as a motion for discovery and a motion for appointment of counsel. Defendant has not had an opportunity to file a response, but the Court finds a response unnecessary.  The motions are deemed submitted.  Local Rule 230(l).

1

With respect to Plaintiff's request for discovery, Plaintiff is reminded that discovery is now open in this action.  Pursuant to the Court's January 13, 2022 Discovery and Scheduling Order and the applicable Federal Rules of Civil Procedure, Plaintiff may serve his own discovery requests on Defendant regarding potential witnesses.  (ECF No. 27.)  Plaintiff need not request such information from or through the Court.  Plaintiff's request for discovery is therefore denied as moot.

As to Plaintiff's request for appointment of counsel, Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that this case is complex, his case is not exceptional.  This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily.  These litigants also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although the Court has found that Plaintiff's complaint states a cognizable claim, this does not mean that Plaintiff will succeed on the merits.  Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for discovery, (ECF No. 29), is DENIED as moot; and

2. Plaintiff's motion to appoint counsel, (ECF No. 29), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **February 17, 2022**            /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE