# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CASTANEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>BARTON, *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-01088-DAD-BAM (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR THIRD-PARTY SUBPOENAS<br><br>(ECF No. 31) |

Plaintiff Matthew Castaneda ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Sherman for unconstitutional conditions of confinement in violation of the Eighth Amendment.

Pursuant to the Court's January 13, 2022 Discovery and Scheduling Order, the deadline for completion of all discovery is September 13, 2022. (ECF No. 27.)

Currently before the Court is Plaintiff's motion requesting subpoenas for certain documents, filed February 25, 2022. (ECF No. 31.) Defendant has not had an opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

In his motion, Plaintiff states that on January 24, 2022, he asked CSATF Facility A Litigation Office for copies of documents regarding the dining hall. (ECF No. 31.) On February

1

1   18, 2022, Plaintiff was sent to meet with a notary public officer, with nothing to notarize.

2   Plaintiff states that, due to this confusion, and the possible difficulties he may have meeting the

3   discovery deadline, he is asking the Court if he can subpoena the following documents:

4   (1) inspection reports with findings and recommendations of the conditions of the Facility A

5   dining hall from February 1, 2018 until February 16, 2019; (2) job change requests that were

6   made and denied during the time period Plaintiff is requesting; and (3) CDCR's policy regarding

7   inmate job assignments, and job changes.  (*Id.*)

8         Based on this filing, it appears that Plaintiff is requesting the issuance of third-party

9   subpoenas requesting the listed documents from the CSATF Facility A Litigation Office.

10        Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena

11  commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of

12  the subpoena by the United States Marshal, 28 U.S.C. § 1915(d).  However, the Court will

13  consider granting such a request only if the documents sought from the non-party are not equally

14  available to Plaintiff and are not obtainable from Defendant through a request for the production

15  of documents.  Fed. R. Civ. P. 34.  A request for the issuance of a records subpoena requires

16  Plaintiff to: (1) identify with specificity the documents sought and from whom, and (2) make a

17  showing that the records are only obtainable through that third party.

18        Plaintiff's instant request does not meet these requirements.  Although Plaintiff has

19  identified the documents sought and from whom, Plaintiff has not established that these records

20  are only obtainable through the specified third party, here, the CSATF Facility A Litigation

21  Office.  Based on his motion, it does not appear that Plaintiff has made any effort to submit a

22  discovery request directly to Defendant Sherman regarding any of this information.

23        Accordingly, Plaintiff's instant requests for subpoenas shall be denied without prejudice.

24  Plaintiff may renew his request for third-party subpoenas by filing a motion that: (1) sets forth the

25  specific documents requested and from whom; (2) demonstrates that the documents are only

26  obtainable through the third party; and (3) establish the relevance of the requested documents to

27  any claim or defense.

28  ///

Based on the foregoing, Plaintiff's motion for third-party subpoenas, (ECF No. 31), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **March 3, 2022**　　　　　　/s/ *Barbara A. McAuliffe*　_
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE